UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
MIRIAM SNYDER, individually and on behalf of
her elderly mother MAZARINE LEVY SNYDER,

      Plaintiffs,

 -against-

ISAAC PERRY, individually and as general manager
in the New York City Housing Authority, JOHN RHEA,
individually and as commissioner of the New York City
Housing Authority, and the NEW YORK CITY
HOUSING AUTHORITY,

      Defendants.
---------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 18 2015 ★
BROOKLYN OFFICE

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
14-CV-2090 (CBA) (RER)

**AMON, Chief United States District Judge.**

 On March 27, 2014, plaintiffs Miriam Snyder and Mazarine Levy Snyder filed this pro se action against defendants Isaac Perry, John Rhea, and the New York City Housing Authority ("NYCHA"). (Complaint ("Compl.") ¶¶ 14, 39-40, 42-43.) Plaintiffs bring a variety of federal and state statutory and common-law claims against defendants relating to Levy Snyder's housing. (See, e.g., id. ¶¶ 71-159.) On August 12, 2014, NYCHA moved to dismiss plaintiffs' complaint. (Docket Entry ("D.E.") 30.) Before that motion appeared on the docket, plaintiffs moved to strike a declaration and supporting exhibits submitted in connection with NYCHA's motion to dismiss. (D.E. 23-24.) They also filed a motion relating to service of process on the individual defendants. (D.E. 22.) On August 20, 2014, the Court referred those motions to Magistrate Judge Ramon E. Reyes, Jr., for a Report and Recommendation ("R&R").

 On February 4, 2015, Magistrate Judge Reyes issued an R&R. (D.E. 33.) He recommended that the Court grant the motion to dismiss in full and deny as moot the motions to strike and regarding service of process. (R&R at 1 n.1, 2, 12-13.) In particular, he

1

recommended: (1) that the Court not dismiss the complaint for failure to comply with Federal Rule of Civil Procedure 8, (id. at 3-4); (2) that the Court find that Snyder cannot establish standing for herself by bringing the instant suit "on behalf of" Levy Snyder, (id. at 4); (3) dismissal of plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claims because defendants cannot constitute "debt collector[s]" under the statute, (id. at 5-6); (4) dismissal of the Telephone Consumer Protection Act ("TCPA") claims for failure to plead defendants' use of an automatic telephone dialing system, (id. at 6-7); (5) dismissal of plaintiffs' First Amendment retaliation claims pursuant to 42 U.S.C. § 1983 for failure to plead causation, (id. at 7-9); (6) dismissal of their Fair Housing Act ("FHA") discrimination claims because they did not plead facts giving rise to an inference of discrimination, (id. at 9-10); (7) dismissal of their FHA retaliation claims because they did not allege a link between their exercise of a right protected by the FHA and the purportedly retaliatory conduct, (id. at 10-11); (8) that the Court decline to exercise supplemental jurisdiction over plaintiffs' state law claims in the event it dismisses all their federal causes of action, (id. at 12); and (9) that the Court not grant plaintiffs leave to replead because to do so would be futile, (id. at 11-12).

After Magistrate Judge Reyes issued the R&R, plaintiffs submitted three documents to the Court. The only one styled an objection was untimely filed, and in any event, none of them objects in any respect to the substance of the R&R.[1] Defendants responded, arguing: (1) that the

---

[1] The first document, filed within the objections window: (1) raises concerns about service of process on the individual defendants, (D.E. 36 at 1); (2) denigrates the R&R in general terms and pledges to file objections at a later date, (id. at 1-2); (3) accuses Magistrate Judge Reyes of "[a]dvocating on behalf of the Defendants," (id. at 2); (4) complains of "undu[e] delays" in the case, (id. at 1-2); and (5) suggests that the R&R is "unsworn" because it is "robo-stamp[ed]" and not signed with "wet ink," (id. at 3, 16). The second document, filed after the objections window closed, objects to a February 13, 2015, text order unrelated to the substance of the R&R, again because it was not signed with "wet ink." (D.E. 38.) The third document, also filed after the objections window closed, repeats concerns voiced in plaintiffs' two earlier submissions, (see D.E. 36, 38), which it includes as attachments, (D.E. 40). The Court notes that it is standard procedure in this District to replace a judge's signature with an electronic signature before an Order or other signed Court document is made publicly available. An electronic signature is

one document styled an objection was untimely filed and (2) that it fails to raise specific objections to the R&R and therefore does not require de novo review. (D.E. 39.) Plaintiffs responded in order to re-emphasize their motions to strike and recapitulate claims made in their pleadings and other filings. (D.E. 41.)

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party that wishes to object to an R&R must "file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The district court reviews de novo 'those portions of the report . . . to which objection is made.'" Williams v. Woodhull Med. & Mental Health Ctr., 891 F. Supp. 2d 301, 310 (E.D.N.Y. 2012) (quoting 28 U.S.C. § 636(b)(1)). Although "[t]he objections of parties appearing pro se are generally accorded leniency and should be construed to raise the strongest arguments that they suggest," even then an "objection to a report and recommendation in its entirety does not constitute a specific written objection within the meaning of Rule 72(b)." Williams, 891 F. Supp. 2d at 310 (internal quotation marks omitted). Where parties file general objections, the Court need only determine whether the R&R's analysis is clearly erroneous. DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009).

Here, no matter how leniently plaintiffs' filings are construed, they do not object to any substantive component of the R&R. Accordingly, review is for clear error. The Court, having examined the record, adopts the R&R subject to the discussion below. As to the following claims, the Court gives plaintiffs leave to amend their complaint to cure the deficiencies noted in the R&R: (1) the TCPA claim, (2) the § 1983 First Amendment retaliation claim, (3) the FHA

---

proper and does not in any way undermine the legal force of the signed document. The Court notes further that Magistrate Judge Reyes' R&R is a paradigm of judicial impartiality and in no way advocates on behalf of any party.

discrimination claim, and (4) the FHA retaliation claim.[2] "[T]he court should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999). However, the Court dismisses the FDCPA claim with prejudice because, for the reasons stated in the R&R, (R&R at 5-6), "Plaintiff[s] can articulate no set of facts that would qualify the Defendants as a debt collector" under the FDCPA, Lorenz v. GE Capital Retail Bank, 944 F. Supp. 2d 220, 230 (E.D.N.Y. 2013).

Plaintiffs shall be afforded thirty days from the date of this Order to file an amended complaint as set forth above. Fed. R. Civ. P. 15(a)(2). If plaintiffs do not file an amended complaint within thirty days, judgment dismissing the action shall be entered. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Carol Bagley Amon

Dated: Brooklyn, New York
      March 18, 2015

Carol Bagley Amon
Chief United States District Judge

---

[2] The Court also notes that the McDonnell Douglas burden-shifting analysis does not apply to plaintiffs' FHA claims at the motion to dismiss stage. Instead, the governing pleading standard is that set forth in Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). See Boykin v. KeyCorp, 521 F.3d 202, 213 (2d Cir. 2008) (holding that Swierkiewicz applies to FHA discrimination claims); Reyes v. Fairfield Properties, 661 F. Supp. 2d 249, 265-66 (E.D.N.Y. 2009) (holding same as to FHA retaliation claims). Swierkiewicz stands for the proposition that, in certain types of civil rights cases, a "plaintiff need not plead a prima facie case" to survive a motion to dismiss. See 534 U.S. at 515. However, in cases where Swierkiewicz applies, a plaintiff must nevertheless plead at least "the basic elements" of the action. Maldonado v. George Weston Bakeries, 441 F. App'x 808, 809 (2d Cir.2011) (quoting Patane v. Clark, 508 F.3d 106, 112 & n.3 (2d Cir.2007) (per curiam)). Even at the motion to dismiss stage, "[t]he sine qua non of a . . . discriminatory action claim . . . is that the discrimination must be because of [the protected characteristic]," Patane, 508 F.3d at 112 (emphasis in original) (internal quotation marks omitted), and a retaliation claim requires that a plaintiff demonstrate "a causal connection between the protected activity and [the] adverse action." Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C., 716 F.3d 10, 14-15 (2d Cir. 2013). See also Lax v. 29 Woodmere Blvd. Owners, Inc., 812 F. Supp. 2d 228, 234 n.4 (E.D.N.Y. 2011) ("Courts, including the Second Circuit, have consistently relied on Title VII cases in their analysis of [claims] under the FHA.").

4